# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 5:10cr00009 |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| WILLIAM STILLWELL STEVENS, JR., ) | |
| ) | By: Hon. James G. Welsh |
| *Defendant* ) | U.S. Magistrate Judge |

On April 1, 2010 came the United States, by counsel, and came also the defendant, in his own proper person and by counsel. At which time counsel for the parties jointly represented that the parties had entered into a written plea agreement, pursuant to which the defendant desired to waive his absolute right to grand jury presentment and to permit the filing of a one–count criminal Information charging him with a felony violation of federal firearms laws. Additionally counsel represented that the proposed Information contained a Notice of Forfeiture which was also covered by the plea agreement.

The court then received for filing the proposed Information charging in **Count One** that on or about November 23, 2009 the defendant, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, two firearms (to wit: a Marlin, model 60W, .22 cal. long rifle and a Sako, 30-06 cal.,bolt action rifle) and ammunition (12 rounds of Remington-Peters, 22-250 cal. center fire ammunition),

all of which had been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

In accordance with the provisions of 28 U.S.C. § 636(b) and with the express consent of the defendant and his counsel, an initial appearance, waiver of indictment and a plea hearing were conducted before the undersigned on April 1, 2010. The proceedings were recorded by a court reporter. *See* Rule 11(g). The United States was represented by Ryan L. Souders, Assistant United States Attorney. The defendant was at all times present in person and with his counsel, Aaron W. Graves.

After the defendant was placed under oath, he stated that he understood his obligation to testify truthfully in all respects under penalty of perjury, and he understood the government's right in a prosecution for perjury or false statement to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A). The defendant then testified to the following: his name is WILLIAM STILLWELL STEVENS, JR.; he can read, write and understand the English language without difficulty; he has no medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceeding; he was using no medication or drugs which might impair his ability to understand and participate fully in the proceeding; and his mind was clear. The defendant's attorney then stated that he had no reservations about his client's competency either to waive grand jury indictment or to plead guilty to the charges contained in the one-count Information.

**DEFENDANT'S RESPONSES TO RULE 7 INQUIRY**

The defendant testified that he had discussed both the gun charge and the forfeiture provision set forth in the Information with his attorney. He had previously received a copy of the Information; he had read it; he fully understood the charge and the forfeiture provision, and he knew that Count One charged him with a felony offense. He further testified that he knew he had an absolute constitutional right to be charged with the offense pursuant to a grand jury indictment. He stated that he understood a grand jury might not find probable cause to believe he had committed the alleged offense, that a grand jury might not return an indictment against him on the charge, and that his waiver of indictment would mean that the charge in the Information would proceed as though he had been indicted. Upon further questioning, the defendant confirmed that no threats or promises had been made to induce him to waive grand jury indictment and that his decision to proceed on the charged offense by Information was fully voluntary.

The defendant's counsel then confirmed that he had discussed with his client the issues related to a waiver of indictment on the offense charged in the Information, that his client fully understood his right to indictment by grand jury, and that the decision of the defendant to waive indictment on the charge was fully voluntary on his part.

After the defendant executed the Waiver of Indictment in open court, it was received, filed and made a part of the record. The Information formally charging the defendant with the firearms offense set forth above and giving formal Notice of Forfeiture was also filed and made a part of the record. In connection therewith, it was noted for the record that the defendant's waiver of indictment was knowingly and voluntarily made and that its acceptance would be recommended.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant again acknowledged that he had received a copy of the Information, including the Notice of Forfeiture, and fully understood the charge against him. He stated that he had discussed both the charge and the forfeiture provision with his attorney and had been given enough time to do so. He stated that he understood the nature of the criminal charge set forth in the Information, and he specifically understood it charged a felony offense. *See* Rule 11(b)(1)(G). He testified that he had discussed any possible defenses with his attorney and that he had been given adequate time to prepare any defenses he might have to the charge. He stated that his decision to enter a plea of guilty to the charge had been made after consulting with his attorney, and that he was fully satisfied with the services of his attorney.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for the parties having previously informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement (*see* Rule 11(c)(2)), counsel for the government set forth the government's understanding of the plea agreement in some detail: including the agreement for the defendant to plead guilty to Count One of the Information [¶ A.1.]; the defendant's express acknowledgment of the maximum statutory penalty for the offense charged in Count One of the Information [¶ A.1.]; the defendant's express acknowledgment that in the event the court determines that he has at least three prior convictions for serious drug offenses and/or violent

felonies he will face a mandatory minimum sentence of imprisonment for a term of fifteen years and a maximum sentence of imprisonment for life pursuant to 18 U.S.C. § 924(e) [A.1.]; the defendant's acknowledgment that he may be required to pay fees for his incarceration and supervised release, that he may be required to pay restitution, and that his assets may be subject to forfeiture [¶¶ A.1. and B.4.]; the defendant's express admission of his factual guilt to the offense charged in the Information [¶ A.1.]; the defendant's obligation to pay a $100.00 special assessment in full prior to entry of his guilty plea and the related restitution and assessment provision [¶¶ A.1. and B.4.]; the defendant's acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2.]; the terms of the government's agreement to dismiss two certain pending petit offenses involving violations of 36 C.F.R.. § 2.4(b) and § 2.35(b)(2) [¶ A.3.]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1.]; the defendant's express recognition that he would not be allowed to withdraw his guilty plea irrespective of the sentence imposed by the court [¶ B.1.]; the defendant's stipulation that all matters pertaining to any matter embraced within the charging document are relevant sentencing conduct [¶ B.2]; the defendant;'s agreement not to seek a sentence outside of the applicable guideline range [B.2.]; the government's agreement to recommend a sentence at the low end of the applicable guideline range [¶ B.2.]; the acceptance of responsibility provision [¶ B.2.]; the substantial assistance provision [¶ B.3.]; the defendant's monetary obligations, including the terms of his obligation to pay a mandatory assessment of $100.00 per felony count of conviction [¶¶ A.1. and B.4.a.]; the defendant's financial disclosure obligation [¶ B.4.b.]; the terms of the asset forfeiture agreement [C.]; the terms of the defendant's waiver of the presence of counsel in connection with government contacts [¶DC.1.]; the defendant's express waiver of his right to appeal for any reason whatsoever [¶ D.2.]; the defendant's express

waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶ D.3.]; the defendant's information access waiver [¶ D.4.]; an itemization of certain additional obligations of the defendant [¶ D.7.]; the defendant's acknowledgment that he had been effectively represented in this case [¶ E.3.]; the parties express acknowledgment that the written plea agreement constituted a binding contractual understanding between the parties [¶ E.2.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(N) and 11(c)(1)–(3).

After which, the defendant was asked what his understanding of the terms of the agreement was, and he testified that his understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same, and he further represented that he had reviewed each of the terms of the plea agreement with the defendant, and he was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement; and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty in this case and that no one had attempted in any way to force him to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After counsel for the government outlined the range of punishment for the offense charged in Count One of the Information, the defendant acknowledged that in the event the court determines that he has at least three prior convictions for serious drug offenses and/or violent crimes the court must

impose a mandatory minimum sentence of imprisonment for a term of fifteen (15) years [1] for conviction of the offenses charged, that the court could impose a maximum sentence of confinement in a federal penitentiary for life, a $250,000.00 fine, and a term of supervised release after completion of any term of incarceration, and that in the event he did not have at least three qualifying felony conviction, the maximum statutory penalty for this offense to be imprisonment for a term of ten (10) years , a $250,000.00 fine, and a term of supervised release. *See* Rule 11(b)((H)-(I). In addition, the defendant acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that he knew his plea, if accepted, would result in him being adjudged guilty of a felony offense and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements;

---

[1] The defendant was informed that in such event he could be sentenced to less than fifteen years imprisonment only if the government makes a motion pursuant to 18 U.S.C. § 3553(e) on his behalf [*See* ¶ B.3.].

the need to avoid unwanted sentence disparities; and any need to provide for restitution. He also acknowledged that he understood the court may order him to make full restitution to any victim and would require him to forfeit certain property to the government in accordance with the Notice of Forfeiture. *See* Rule 11(b)(1)(J)–(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence for his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any sentence imposed by the court he would have no right to withdraw this guilty plea. *See* Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would also include a period of "supervised release," and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶ D.2.], the defendant expressly acknowledged that he understood that he was waiving all rights to appeal his conviction or any sentence which did not exceed the maximum penalty permitted by law. Likewise, pursuant to the terms of the plea agreement [¶ D.3.], he expressly acknowledged that he understood he was waiving all rights to challenge his conviction or his sentence in any post-conviction proceeding.

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt, his right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense, his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense, and his right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)– (E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that he was pleading guilty to the offense charged in Count One because he is in fact a convicted felon and in fact knowingly possessed the described firearms and ammunition after having been convicted of the felony offense described in the Information.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, the government submitted for filing a written proffer summarizing the essential facts the government was prepared to prove at trial. The defendant and his counsel each represented that the statement fairly and accurately summarized the government's case. *See* Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding and after consulting with his attorney, the defendant waived a reading of the information. He was then called-upon for his plea, and he entered a plea of GUILTY to Count One alleging his violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his plea of guilty, after an independent basis for the plea was established, the defendant was again addressed personally, and he reconfirmed that his decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant also reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of his guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it. Pursuant to

the terms of the plea agreement, an agreed forfeiture order was then entered and filed as part of the record. The defendant was then admitted to bail on terms and conditions pending preparation of a pre-sentence report and acceptance of his guilty plea.

**GOVERNMENT'S EVIDENCE**

The government's written statement setting forth the factual basis for each of the offense is incorporated herein by reference.

**FINDINGS OF FACT**

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 7 and Rule 11 hearings, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant fully understands his absolute right to Grand Jury presentment;

2. The defendant's waiver of his right to Grand Jury presentment was made knowingly, voluntarily, with the advice and assistance of counsel, not as the result of any threats, and not as the result of any promises or inducements other than what is set forth in the written plea agreement;

3. The defendant is fully competent and capable of waiving Grand Jury presentment and entering an informed plea to the charge set forth in Counts One of the Information;

4. The defendant is fully aware both of the nature of the charge set forth in Count One of the Information and of the consequences of his guilty plea to this felony offense;

5. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

6. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

7. The defendant's entry into the plea agreement and his tender of a plea of guilty to Count One were made with the advice and assistance of counsel;

8. The defendant knowingly and voluntarily entered his plea of guilty to Count One of the Information;

9. The defendant's plea of guilty did not result from force, threats, inducements or promises other than those promises contained in the written plea agreement;

10. The plea agreement complies with the requirements of Rule 11(c)(1); and

11. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to the offense charged in Count One of the Information, that he be adjudged guilty to said offense, and that a sentencing hearing be set for July 14, 2010 at 1:00 p.m. before the presiding district judge.

## NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter

to the undersigned with instructions.  **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: 12th day of April 2010.

　　　　　　　　　　　　　　　　　　　　　　　　　　_s/  James G. Welsh_
　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge